UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-698

| | |
|---|---|
| **ANNIE CORDOS,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **KASEEM PENNINGTON,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on defendant's Response (#4) and plaintiff's Response (#6) to the Order to Show Cause (#3) entered by the Honorable David S. Cayer, United States Magistrate Judge.

In the June 7, 2018, Order to Show Cause, Judge Cayer allowed plaintiff to show cause on or before June 29, 2018, why the action should not be dismissed for failure to prosecute. Review of the pleading reveals that when Judge Cayer entered his Order, the action had been removed to this Court by the *pro se* defendant on December 5, 2017, but that no action had been taken either to prosecute this case in this court or to seek remand to state court in over six months.

In his *pro se* Response, defendant asks that the court retain jurisdiction of this matter "because of the fraudulent violation of Defendant[']s rights and illegal action by Plaintiff." Response (#4) at 1. In her counseled Response, plaintiff states that this matter is a small claims summary ejectment action which she initiated in state court and which defendant attempted to remove in December 2017. Plaintiff advises that defendant is living in a property which is now being foreclosed on in state court. Plaintiff informs the court that defendant has also commenced

-1-

a separate action against the lender, servicer, and substitute trustee in that foreclosure action. Response (#6) at 1; see Pennington v. Trustee Services of the Carolinas, 3:18cv203-RJC-DCK. While plaintiff states that she believes "Defendant has no standing," Response (#6) at ¶ 3, plaintiff has not filed a motion to remand this matter to state court. See 28 U.S.C. § 1447(c).

Review of defendant's Notice of Removal (#1) reveals that he removed this action under a number of provisions, some of which do not exist. First, defendant states that he removed this action under "28 U.SC. § 1452 and 1334(b), Rule 9027 of the Federal Bankruptcy Procedure." Notice of Removal (#1) at 1. Section 1452 provides for the removal of claims related to bankruptcy cases, "if such district court has jurisdiction of such claim or cause of action under section 1334 [of Title 28] …." 28 U.S.C. § 1452(a). Defendant does not, however, reference the bankruptcy proceeding this case is related to and a PACER search of cases within the Fourth Circuit does not reveal a bankruptcy proceeding under this defendant's name.[1] Thus, to the extent defendant removed this action in December 2017, such removal was not appropriate under § 1452 or the other provisions cited as such matter is unrelated to a bankruptcy proceeding. Next, defendant cites to "Rule 101(e) of the Local Civil Rule of the Western District of North Carolina." Notice of Removal (#1) at 1 (emphasis removed). There is no Local Civil Rule 101(e) of this Court. If defendant is contending that such removal is pursuant to Local Rule 101(e) of the Rules of the United States Bankruptcy Court for the Western District of North Carolina, there is also no Rule 101(e) in that court. Thus, the Court concludes that defendant has not properly removed this action under any provision of law which he cites.

Inasmuch as defendant is proceeding *pro se,* the Court has closely reviewed of the Notice

---

[1] PACER, reviewed on July 18, 2018.

of Removal to determine whether such removal may be appropriate under any other provision of law. In relevant part, defendant states that "Plaintiff … violated the Fair Debt Collection Act." Based on that allegation, defendant may be attempting to remove an action for summary ejectment to federal court based on a federal claim he either believes he has or has asserted as a counterclaim. Review of the Counterclaim (#2) does not reveal that defendant asserted a federal claim in the state-court action prior to removal. Even if he had, the fact that a defendant asserts a federal claim as a counterclaim in a state court action does not create jurisdiction in federal court. "A federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds." Wittstadt v. Reyes, 113 F. Supp. 3d 804, 806 (D. Md. 2015). While defendant alleges in his removal papers that he is entitled to damages exceeding $75,000.00, there is no allegation that complete diversity exists between the parties, as required by 28 U.S.C.A. § 1332. Indeed, the state court Complaint reveals that the parties are both residents of the State of North Carolina.

Having closely reviewed the pleadings, the Court determines that this action was improperly removed by defendant to this Court as there is no basis for federal jurisdiction over this action and will, in accordance with 28 U.S.C.§ 1447 (c), remand the action to the appropriate court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this matter is **REMANDED** to the North Carolina General Court of Justice, District Court Division-Small Claims, for Mecklenburg County.

Signed: July 18, 2018



Max O. Cogburn Jr
United States District Judge